On consideration of the Petition for Extraordinary Relief filed in the above-entitled action, it appearing that petitioner has not sought the relief requested from the officer exercising general court-martial jurisdiction pursuant to Article 138, Uniform Code of Military Justice, 10 U.S.C. § 938, it is, by the Court, this 1st day of June 1973,

ORDERED:

That said petition be, and the same hereby is, dismissed.[1] Catlow v. Cooksey, 21 U.S.C.M.A. 106, 44 C.M.R. 160 (1971); Tuttle v. Commanding Officer, 21 U.S.C.M.A. 229, 45 C.M.R. 3 (1972).

June 11, 1973

No. 73-24 Ronald L. Summers, PFC, U. S. Marine Corps v. United States.

On consideration of the Petition for Extraordinary Relief and of the Government Response to Order to Show Cause, it appearing that the convening authority has acted upon the accused's record of trial pursuant to Articles 61, 64 and 65(a), Uniform Code of Military Justice, 10 U.S.C. §§ 861, 864 and 865(a), it is, by the Court, this 11th day of June 1973,

ORDERED:

That said petition be, and the same hereby is, denied without prejudice to the right of petitioner to reassert the same issue before the United States Navy Court of Military Review, and thereafter in a petition for review filed in this Court should such petition be considered necessary and advisable.

No. 73-25 Willie E. Coleman, SGT, U. S. Marine Corps v. United States.

On consideration of the Petition for Extraordinary Relief and of the Government Response to Order to Show Cause, it appearing that the convening authority has acted upon the accused's record of trial pursuant to Articles 61, 64 and 65(a), Uniform Code of Military Justice, 10 U.S.C. §§ 861, 864 and 865(a), it is, by the Court, this 11th day of June 1973,

ORDERED:

That said petition be, and the same hereby is, denied without prejudice to the right of petitioner to reassert the same issue before the United States Navy Court of Military Review, and thereafter in a petition for review filed in this Court should such petition be considered necessary and advisable.

June 14, 1973

No. 73-26 Raymond G. DeChamplain, MSGT, U. S. Air Force v. United States.

By opinion dated February 16, 1973, this Court upheld a decision of the United States Air Force Court of Military Review which reversed petitioner's conviction. United States v. DeChamplain, 22 U.S.C.M.A. 150, 46 C.M.R. 150. Thereafter, petitioner filed a petition for extraordinary relief contending the Air Force authorities had taken no steps to comply with this Court's mandate. That petition was denied on April 2, 1973. DeChamplain v. United States, 22 U.S.C.M.A. 211, 46 C.M.R. 211.

Petitioner has now filed a "Petition for Extraordinary Relief" averring principally that as of May 22, 1973, he remains confined and "there has been no determination by the convening authority whether or not a hearing of the charges against petitioner is practicable." He therefore contends that the limits of reasonableness set forth in DeChamplain v. United States, supra, have been exceeded, that he should now be released from confinement and further prosecution of the original or related charges should be prohibited.

The unrebutted "Answer and Response to Order," filed by Appellate Government Counsel on behalf of respondent, establishes that on March 26, 1973, the Commander, 13th Air Force, Clark Air Force Base, Republic of the Philippines, the original convening authority, determined that a rehearing on the charges against petitioner was practicable, but further concluded that such rehearing should be conducted in the United States. As a result, responsibility for further pro-

---

[1] Whether the relief sought would be in aid of this Court's jurisdiction is not determined. 28 U.S.C. § 1651(a).